**In re FRIENDSHIP COLLEGE, INC., Debtor.**

**Bankruptcy No. C–B–81–00214.**

United States Bankruptcy Court, W.D. North Carolina.

May 10, 1983.

F. Donald Bridges, Shelby, N.C., for debtor.

Keith Johnson, Trustee.

Mark Muedeking, Atty., Tax Div., Dept. of Justice, Washington, D.C., for the I.R.S.

## ORDER RE TRUSTEE'S OBJECTION TO CLAIMS OF THE INTERNAL REVENUE SERVICE OF THE UNITED STATES

MARVIN R. WOOTEN, Bankruptcy Judge.

This matter came on for consideration before the undersigned presiding United States Bankruptcy Judge upon the objection, properly served and filed by the Trustee in this proceeding, to the claims of the United States for taxes. The matter was set for hearing at which time the Trustee, R. Keith Johnson, appeared and acted as his own counsel. The United States of America was represented at the hearing by Mark Muedeking of the Department of Justice. The facts of the case were stipulated to by the parties and the matter was argued to the Court. Based upon the stipulations of the parties, a review of the record in this matter, and the arguments of counsel, the Court finds and concludes as follows:

1. On or about January 29, 1983, the United States of America filed an "Amendment # 2" to its claim for pre-petition employment taxes. That "Amendment # 2" reflects that the United States of America has an unsecured priority claim for taxes in the amount of $19,413.59, with a general unsecured claim for pre-petition penalties in the amount of $979.24. Based upon this "Amendment # 2" so described, the Trustee withdrew any objection he may have to the claim of the United States of America for said pre-petition taxes and penalties.

2. Also on or about January 29, 1983, the United States of America filed an "Amendment # 2" to its Request for Payment of Internal Revenue Taxes (Bankruptcy Code Cases—Administrative Expenses). This "Amendment # 2" to the Request for Payment of Internal Revenue Taxes (Bankruptcy Code Cases—Administrative Expenses) (hereinafter "administrative expenses claim") was for post-petition withholding, FICA and FUTA taxes along with interest and penalties thereon, detailed as follows:

| Kind of Tax | Tax Period | Tax Due | Accrued Interest as of the Date of this Request | Accrued Penalty as of the Date of this Request | Balance Due |
|---|---|---|---|---|---|
| WT–FICA | 6–30–81 | $4,223.46 | $1,148.85 | $ 570.16 | $ 5,942.47 |
| WT–FICA | 9–30–81 | 7,210.92 | 1,623.63 | 2,673.83 | 11,508.38 |
| WT–FICA | 12–31–81 | 9,484.47 | 1,848.69 | 1,470.09 | 12,803.25 |
| FUTA | 12–31–81 | 4,973.96 | 919.77 | 770.97 | 6,664.70 |
| | | | | Total | $36,918.80 |

3. The Trustee advised the Court and the United States of America that he did not object to the amount of taxes due. Rather, the Trustee objected to the allowance of any of the taxes due as an administrative expense, the Trustee having taken the position that the Bankruptcy Code requires that the post-petition taxes be treated as a sixth priority item and that post-petition interest and penalty be disallowed.

4. The debtor filed a Chapter 11 petition on February 25, 1981, and continued to operate the business as a debtor-in-possession until December 18, 1981. Thus, the taxes which the United States of America now claims pursuant to its administrative expense claim are taxes which were either collected or withheld from wages or salaries which were paid by the debtor-in-possession during the pendency of the Chapter 11. These wages or salaries paid by the debtor-in-possession were allowed as administrative expenses of the bankruptcy estate.

5. On December 15, 1981, the Trustee was appointed to oversee the liquidation of the debtor due to the debtor's failure to reorganize. Thereafter, the Trustee paid wages for the period of December 1, 1981, to December 30, 1981. The Trustee filed a separate return for the withholding and

128

FICA taxes for this period during which he paid the wages of the debtor.

6. A plan for reorganization calling for liquidation of the debtor under the Chapter 11 case was confirmed on January 7, 1983. No other plan was confirmed in this case.

7. Section 507(a) of the Bankruptcy Code provides that the first priority in any distribution under this Bankruptcy Code shall include "administrative expenses allowed under Section 503(b) of this Title, ...." The United States of America relies on these sections as a basis for its claim to administrative expense status for post-petition employment taxes, interest and penalties.

8. Section 503(b) provides "after notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under Section 502(f) of this Title, including

(1)(A) The actual, necessary costs and expenses of preserving the estate including wages, salaries, or commissions for services rendered after commencement of the case:

(B) Any tax

(i) incurred by the estate, except a tax of a kind specified in Section 507(a)(6) of this Title; ...."

The Section thus relied on makes an exception for any tax of a kind specified in Section 507(a)(6), which Section includes "allowed unsecured claims of governmental units to the extent that such claims are for ... (C), a tax required to be collected or withheld and for which the debtor is liable in whatever capacity; ...."

■ 9. The taxes in question are withholding taxes and FICA taxes due from the Bankruptcy estate. A major portion of these taxes are taxes withheld from wages paid to employees of Friendship College. These taxes include the withholding taxes and that portion of the FICA taxes referred to generally as the "employees' share" of the FICA tax. Therefore, though these taxes are taxes withheld and collected by the estate, they are *not* taxes *incurred* by the estate. To the extent the taxes claimed by the United States are taxes withheld

and collected, there is no provision under Section 503 for those taxes to be an administrative expense as Section 503 includes only taxes incurred by the estate.

10. Even if it is assumed that these withheld taxes are taxes incurred by the estate, said taxes would be removed from the administrative expense category by the exception provided in Section 503(b), which exception holds that administrative expense includes tax incurred by the estate except those of a kind specified in Section 507(a)(6) of Title 11. Since that exception specifically enumerates taxes required to be collected or withheld and for which the debtor is liable in whatever capacity, it inescapably follows that the taxes withheld and collected by the debtor in this case, even assuming that they are taxes incurred by the estate, would be a sixth priority item and not an administrative expense.

■ 11. As to the remaining portion of the FICA tax incurred after the filing of the Chapter 11 petition (the portion generally referred to as the "employer's share" of the FICA tax), that portion is a post-petition tax incurred by the estate which is not a tax of a kind specified in Section 507(a)(6) of Title 11. Therefore, the post-petition employer's share of the FICA taxes is entitled to treatment as an administrative expense. Any penalties relating to the employer's share of FICA taxes would likewise be an administrative expense pursuant to the provisions of Section 503(b)(1)(C) of the Bankruptcy Code. However, the interest relating to this portion of the FICA taxes is not allowable as a claim in this bankruptcy proceeding.

12. The United States of America should be entitled to an administrative expense only for the employer's share of FICA taxes incurred after the filing of the Chapter 11 petition, along with any penalties relating specifically to that tax. The remainder of the claim of the United States of America for tax and penalties filed as an administrative expense claim should be disallowed as an administrative expense claim but allowed as a sixth priority item.

Based upon a review of the applicable law and the findings and conclusions as set out herein,

IT IS ORDERED, ADJUDGED AND DECREED that the United States of America shall be allowed an administrative expense claim for the employer's share of post-petition FICA taxes due from the debtor and the debtor's estate. Said administrative expense claim shall include all penalties which relate specifically to that portion of the tax which is the employer's share of FICA taxes, detailed as follows:

| Kind of Tax | Tax Period | Employer's Portion of Tax | Employer's Portion of Penalties [1] | Total Employer's Portion |
|---|---|---|---|---|
| FICA | 6–30–81 | $ 255.82[2] | $ 68.93 | $ 324.75 |
| FICA | 9–30–81 | 3,229.11 | 730.63 | 3,959.74 |
| FICA | 12–31–81 | 2,960.85 | 573.09 | 3,533.94 |
| | | | Total | $7,818.43 |

IT IS FURTHER ORDERED that all post-petition tax liabilities listed on the administrative expense claim of the United States of America shall be allowed as a sixth priority claim in this Bankruptcy proceeding.

IT IS FURTHER ORDERED that post-petition penalty and interest, except that portion of post-petition penalties which relates to the employer's share of the FICA taxes which are allowed as an administrative expense above, shall be disallowed as a claim in this Bankruptcy proceeding.

1. Reflects accruals of penalties due as of January 28, 1983.

2. Initial tax of $1,598.14 reduced by Federal Tax Deposit of $1,342.32 made on May 19, 1981.